**In re: Ossie Robert TRADER, Petitioner.**

No. 05–5241.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Feb. 9, 2006.

Filed Feb. 28, 2006.

Ossie R. Trader, Beaumont, TX, pro se.

Before: SLOVITER, MCKEE and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Ossie Trader, a federal inmate, filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. Trader seeks an order 1) directing the District Court to vacate its October 12, 2005, order denying Trader's previously-filed motion to correct an illegal sentence, and 2) directing District Court Judge Stewart Dalzell to "disqualify himself" from all proceedings in this case. Petition at 2. Trader also asks that we grant the relief sought in his original motion.

Mandamus is an "extraordinary remedy" which requires the petitioner to show, among other things, that there are no other adequate means to obtain the relief sought. See *Oracare DPO, Inc. v. Merin,* 972 F.2d 519, 522–23 (3d Cir.1992). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See *In Re Ford Motor Co.,* 110 F.3d 954, 957 (3d Cir.1997). Here, Trader has an alternate means to raise his challenge to the District Court's ruling on his illegal sentence motion in the form of an appeal. Indeed, Trader appealed the District Court decision and his appeal is currently pending. See C.A. No. 05–4723.

Accordingly, the petition for a writ of mandamus is denied. To the extent that Trader's petition includes a motion to expedite our ruling on his petition, the motion is denied.